68 F.3d 480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ana Antonia OROSCO-OBANDO, a/k/a Ana Orosco Wall, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70195.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1995.*
Decided Oct. 20, 1995.
 
 1
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Ana Antonia Orosco-Obando, ("Petitioner"), a native and citizen of Nicaragua, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal from an immigration judge's ("IJ") decision denying her applications for asylum and withholding of deportation pursuant to 8 U.S.C. Secs. 1158(a) and 1253(h). We have jurisdiction under 8 U.S.C. Sec. 1105a(a), and we deny the petition for review.
 
 
 4
 Because the BIA conducted a de novo review of the record and clearly incorporated the IJ's decision, we treat the IJ's statement of reasons as the BIA's and review the IJ's decision. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir. 1995). We review for abuse of discretion the denial of asylum, see Abedini v. INS, 971 F.2d 188, 191 (9th Cir. 1992), and for substantial evidence the decision to deny the withholding of deportation, see Kazlauskas v. INS, 46 F.3d 902, 907 (9th Cir. 1995). We review factual findings underlying the determination for substantial evidence and will reverse only if the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. See Abedini, 971 F.2d at 191.
 
 
 5
 To qualify for asylum, Petitioner must demonstrate that she has a well-founded fear of persecution in Nicaragua on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. Secs. 1101(a)(42), 1158(a); Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir. 1992). To qualify for withholding of deportation, Petitioner must meet a higher standard and present evidence of a clear probability of persecution. See 8 U.S.C. Sec. 1253(h); Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir. 1993).
 
 
 6
 Petitioner claims past persecution and fear of future persecution because: (1) she was not allowed to take a high school exam because she did not participate in a political demonstration and as a result she believed that her attempt to complete high school would be impeded by the Sandinistas; (2) the Sandinistas harassed Petitioner and her family because the Sandinistas were searching for Petitioner's cousin, who was hidden in the Petitioner's house, because he had left the military; and (3) if she is deported to Nicaragua she will be persecuted on the basis of her political opinion.
 
 
 7
 We agree with the BIA that Petitioner failed to establish past persecution or a well-founded fear of future persecution.
 
 
 8
 Here, substantial evidence supports the IJ's determination that Petitioner failed to meet her burden of proof. The evidence provided by Petitioner, at most, showed that she suffered some economic and educational discrimination based on her political opinion. See Raas v. INS, 692 F.2d 596, 596 (9th Cir. 1982) (holding that relief from asylum depends on more than general economic disadvantage); cf. Kazlauskas, 46 F.3d at 907 (denying petition of alien who was, inter alia, prevented from advancing to college on account of political opinion). Also, despite Petitioner's home being searched by the Sandinistas, neither she or her family suffered harm that rises to the level of persecution. See Prasad v. INS, 47 F.3d 336, 339 (9th Cir. 1995). Given the evidence presented, we cannot say that a reasonable factfinder would be compelled to conclude that Petitioner was subject to persecution. See id.
 
 
 9
 Petitioner's application for asylum is further undermined by the changes in Nicaragua since 1990 when the Sandinista government was voted out of office, and thus participation in Sandinista organizations and events are no longer required. See Kazlauskas, 46 F.3d at 906 n.3 (holding that fundamental changes are highly relevant to the likelihood of future persecution). Petitioner's assertion that the Sandinistas are still in control of Nicaragua is insufficient to show that she would be subject to a "particularized threat of persecution" apart from the general population. See Kotasz v. INS, 31 F.3d 847, 851-52 (9th Cir. 1994); Estrada-Posadas v. INS, 924 F.2d 916, 920 (9th Cir. 1991). Additionally, Petitioner's family still resides in Nicaragua, apparently without incident. See Mendez-Efrain v. INS, 813 F.2d 279, 283 (9th Cir. 1987). Therefore, we conclude that the BIA did not abuse its discretion by denying Petitioner's application for asylum. See Abedini, 971 F.2d at 191.
 
 
 10
 Because the standard for withholding of deportation is higher than the standard for a grant of asylum and because Petitioner did not meet the lower standard for a grant of asylum, we affirm the BIA's denial of Petitioner's request for withholding of deportation. See Acewicz, 984 F.2d at 1062.
 
 
 11
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3